

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

RTP/EDP
F. #2019R00033

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 4, 2024

By ECF

The Honorable William F. Kuntz II
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>United States v. Motovich et al, 21-CR-497</u>

Dear Judge Kuntz:

      The government and defense counsel for the three defendants (collectively, "the parties") respectfully submit the following proposed calendar for the Court's consideration in connection with the above-referenced trial, currently scheduled to commence with jury selection on June 10, 2024. The parties have agreed to all proposed dates, with one exception—the date by which the government shall produce material pursuant to 18 U.S.C. § 3500 ("3500 material"), as is noted below.

- Oral argument on motions – Previously set for March 21, 2024, 1:30 pm
- **PROPOSED Suppression hearing (if necessary) – April 2, 2024, 9:30 am**
- Government expert disclosures – April 26, 2024
- Govt' Rule 404(b) Notice – April 26, 2024
- Defense expert disclosures – May 3, 2024
- Motions in limine – May 10, 2024
- Government response expert disclosures (if applicable) – May 17, 2024
- Government produces 3500 material – May 20, 2024*
- Government produces witness list – May 20, 2024
- Government produces exhibit list – May 20, 2024
- Proposed jury instructions – May 24, 2024
- Proposed voir dire questions – May 24, 2024
- Parallel responses to motions in limine – May 24, 2024
- Parallel replies re: motions in limine – May 29, 2024
- **PROPOSED Pretrial conference – Week of June 3, 2024**
- Defendants' witness and exhibit lists – June 7, 2024
- Jury selection – June 10, 2024

As is noted in bold above, the parties also request that the Court schedule a control date for a suppression hearing, should the Court find it necessary to hold a hearing, as well as a final pretrial conference.  If it works with the Court's schedule, the parties respectfully request that the Court schedule the suppression hearing control date for April 2, 2024, at 9:30 am, with an alternative date of April 4, and the final pre-trial conference early in the week of June 3, 2024.  The parties will work with the Court's scheduler if such dates are not amenable to the Court.

As noted, jury selection is scheduled for June 10.  Defense counsel is requesting that the Court adjourn trial proceedings on Wednesday, June 12, and Thursday, June 13, so that defendants Motovich and Markovics can celebrate the religious holiday, Shavout.  The government has no objection to this request.  The parties are prepared to resume trial on Friday, June 14.

Finally, as is noted above, defense counsel objects to the government's providing 3500 material three weeks prior to trial and counsel for David Motovich notes that it may ask the Court to issue an order on this matter.  The government submits that the production of such material three weeks before jury selection is more than sufficient given the expected length of the case (and the expected scheduling delays noted above) and given the number of significant law firms working on the defense.[1]

                              Respectfully submitted,

                              BREON PEACE
                              United States Attorney

By:      /s/
        Erik Paulsen
        Assistant U.S. Attorney
        (718) 254-6135

---

[1] As was noted in the government's September 13, 2023 letter to the Court concerning scheduling, the government initially offered to produce 3500 material five weeks early because some members of Mr. Motovich's defense team had another trial in April 2024.  (Dkt. No. 157 ("the government will, in its discretion provide 3500 materials on an 'Attorneys Eyes only' basis five weeks prior to trial in consideration of defense counsel's trial schedule")).  That other trial has since resolved with a guilty plea, however, and Mr. Motovich has at least two law firms now working on his defense.  While the government has made other concessions to defense counsel in terms of scheduling, such as providing an exhibit list earlier than the government would have otherwise (and which are incorporated in the list above), the government submits that the government's proposal of providing 3500 material three weeks before trial is more than adequate given the facts of this case and the government opposes any effort by defense counsel to ask the Court to order the government to produce 3500 material sooner.