

*Henry E. Mazurek*
*Partner*
Direct (212) 655-3594
Fax (212) 655-3535
hem@msf-law.com

March 5, 2024

**<u>Via ECF</u>**

The Honorable William F. Kuntz, II
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   **Re:**  ***United States v. Motovich et al.*, 21-CR-497 (WFK)**

Dear Judge Kuntz:

   We write on behalf of our client David Motovich in response to the government's letter, dated March 4, 2024, in which it presents the parties' proposed schedule for various trial-related deadlines and production dates.

   While the parties are largely in agreement on the schedule of trial-related filings, we differ on one significant production deadline. The government now seeks to produce Section 3500 material – unquestionably, the most important piece of trial discovery necessary to prepare witness cross-examinations – three weeks before the start of trial. *See* ECF Doc. 208. **The government previously certified to Your Honor in a filing to this Court that it would produce this critical material <u>five weeks</u> before the start of trial. (ECF Doc. 157.) The Government is now attempting to go back on the promise it made, upon which defense counsel has relied, without any real justification.**

   The Court should not countenance the government's flip-flopping on this significant commitment. While it is true that defense counsel no longer has a criminal trial immediately before the start of this trial on June 10, 2024, we certainly have other court-related and client obligations involving our many criminal representations. More importantly, the time needed to digest, organize, and *use* the Section 3500 material is critical to fair representation and adequate trial preparation. The government forgets that defense counsel does not blindly accept the information provided in the government's witness statements. To do so, would cause us to be ineffective in our client's representation. We need adequate time to investigate the contents of these witness statements, which we will be seeing for the very first time. Three weeks is not sufficient, *or reasonable*, to allow us to do our job. This is an eighteen-count indictment involving a wildly complex set of interlocking claims of alleged financial crimes. It is improper for the government to renege at this late stage on a promise to give us this material on a schedule that is the ***bare minimum*** necessary for us to adequately prepare. Indeed, in other cases in this District, the government has produced Section 3500 material substantially more than five weeks in advance of trial in complex, financial cases. *See e.g., United States v. Genaro Garcia Luna, et. al.*, 19 Cr. 576 (BMC) (initially scheduling production of § 3500 material to the defense by July 24, 2022 for trial scheduled to begin October 24, 2022, and later amending the production

deadline for remaining 3500 material to December 9, 2022 for trial rescheduled to January 17, 2023); *United States v. Mark Nordlicht, et. al.*, 16 Cr. 640 (BMC), ECF Doc. 383 (court scheduled production of § 3500 material to the defense by October 24, 2018 for trial scheduled to begin January 7, 2019).

We already know this case involves multiple (at least three, likely more) cooperating witnesses, as well as a score of other lay and law enforcement witnesses. These witnesses will be called to testify about nearly a decade-long set of interactions with our client, which involve multiple construction projects and other business transactions. This information undoubtedly will require us to contact other witnesses involving the subject matter of the government witnesses' testimony. It will require us to issue trial subpoenas for documents from others. In short, it requires a lot of work that needs to be compressed in a very short time. The government should be kept to its original commitment of producing this material ***five weeks before the start date of trial on June 10.***

There is no reason for the government to walk back its earlier commitment. The government gains nothing by holding this material for an additional two weeks. But the defense will lose its ability to reasonably investigate the information contained in this most critical part of the government's discovery disclosures. Moreover, defense counsel can promise the Court that if we have the material five weeks before trial, we will use this period to complete our investigation and be better prepared on Day One of the trial to proceed with better organized, concise and focused cross-examination of the government witnesses.

We, therefore, respectfully request the Court to instruct the government to maintain its original commitment to present the Section 3500 material to defense counsel no later than five weeks before the commencement of trial on June 10, *i.e.* by May 6, 2024.

We thank the Court for its consideration and look forward to a fair and just trial.

Respectfully submitted,

/s/ HEM

Henry E. Mazurek
Ilana Haramati
*Counsel for Defendant David Motovich*

cc:     Counsel of record (*by ECF*)