

U.S. Department of Justice

*United States Attorney
Eastern District of New York*

RTP  
F. #2019R00033

*271 Cadman Plaza East  
Brooklyn, New York 11201*

March 19, 2024

<u>By ECF</u>

The Honorable William F. Kuntz II  
United States District Judge  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

      Re:    <u>United States v. Motovich et al, 21-CR-497 (WFK)</u>

Dear Judge Kuntz:

      In advance of the March 21 oral argument to address defendant David Motovich's motion to dismiss Counts Three through Seven and Sixteen of the Indictment for failure to state an offense, the government respectfully writes to advise the Court of the Second Circuit's decision issued on March 8, 2024, in <u>United States v. Benjamin</u>, --- F.4th ----, 2024 WL 995569 (2d Cir. 2024).  In <u>Benjamin</u>, the Circuit reversed the district court's dismissal of an indictment for its failure to state an offense.

      In his opening and reply briefs, Motovich cited to the now-overturned district court's decision in <u>Benjamin</u> as one of the very few times that a district court has dismissed an indictment for its failure to state an offense.  (<u>See e.g.</u>, ECF No. 182 at 2-4; ECF No. 201 at 1-3.)  Brian Benjamin, the former lieutenant governor of New York, was charged with federal funds bribery, honest services wire fraud, conspiracy to commit each of those offenses, and falsifying records.  The district court dismissed the bribery and fraud counts, holding that the indictment as to those counts did not allege an explicit quid pro quo and therefore failed to state an offense.  As the government noted in its opposition brief in the instant case, although the district court had dismissed the bribery and fraud counts, it rejected the defendant's motion to dismiss the falsifying records count because the allegations were sufficient to state that offense.  (ECF No. 194 at 21.)

      The government in <u>Benjamin</u> appealed the district court's dismissal of the bribery and fraud counts and the Second Circuit reversed, concluding that the district court had misapplied the substantive law of bribery and honest services wire fraud and that the indictment sufficiently alleged those offenses.  In so doing, the Circuit reaffirmed basic legal standards that district courts must follow when deciding a motion to dismiss:

> "The dismissal of an indictment is an extraordinary remedy reserved only for extremely limited circumstances implicating fundamental rights." United States v. De La Pava, 268 F.3d 157, 165 (2d Cir. 2001). We review the dismissal of an indictment *de novo*, United States v. Gonzalez-Roque, 301 F.3d 39, 44 (2d Cir. 2002), accepting "as true all of the allegations of the indictment" and disregarding "contrary assertions of fact by the defendants,[1] United States v. Goldberg, 756 F.2d 949, 950 (2d Cir. 1985).
>
> The Sixth Amendment guarantees that "in all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation." U.S. Const. amend. VI. Rule 7 of the Federal Rules of Criminal Procedure implements that constitutional guarantee by requiring that the indictment "be a plain, concise and written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). The Supreme Court has held that an indictment is sufficient if it (1) "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend" and (2) "enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117 (1974). "An indictment, however, need not be perfect, and common sense and reason are more important than technicalities." De La Pava, 268 F.3d at 162. Therefore, "an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." United States v. Alfonso, 143 F.3d 772, 776 (2d Cir. 1998).

Benjamin, 2024 WL 995569 at *3.

As the government argued in its opposition brief in this case, the Indictment's allegations clearly state an offense, and Motovich is advancing a sufficiency of the evidence argument, which is improper at this stage. Moreover, the Indictment here is more than sufficient to put Motovich on notice of the charges against him and the Circuit's decision in Benjamin only reinforces the point that this case is not one of those "extremely limited circumstances implicating fundamental rights" that might warrant the Court exercising the "extraordinary remedy" of dismissal of an indictment.

---

[1] For this reason, the Court should give no weight to any contrary assertion of facts contained in Motovich's motions or in defendant Markovic's *Counterstatement of Facts in Further Support of Motion to Dismiss* (ECF No. 206).

For these reasons and those set forth in the government's opposition brief, the Court should reject Motovich's motion to dismiss the indictment and permit a jury to decide whether the government has met its burden on all counts.

                                    Respectfully submitted,

                                    BREON PEACE
                                    United States Attorney

By:     /s/
                                    Robert Polemeni
                                    Erik Paulsen
                                    Andrew Grubin
                                    Sara Winik
                                    Assistant U.S. Attorneys
                                    (718) 254-7000