# Wachtell, Lipton, Rosen & Katz

| | | | | |
|---|---|---|---|---|
| MARTIN LIPTON | MARK GORDON | | ELAINE P. GOLIN | STEVEN WINTER |
| HERBERT M. WACHTELL | JEANNEMARIE O'BRIEN | 51 WEST 52ND STREET | EMIL A. KLEINHAUS | EMILY D. JOHNSON |
| EDWARD D. HERLIHY | WAYNE M. CARLIN | NEW YORK, N.Y. 10019-6150 | KARESSA L. CAIN | JACOB A. KLING |
| DANIEL A. NEFF | STEPHEN R. DiPRIMA | | RONALD C. CHEN | RAAJ S. NARAYAN |
| STEVEN A. ROSENBLUM | NICHOLAS G. DEMMO | TELEPHONE: (212) 403-1000 | BRADLEY R. WILSON | VIKTOR SAPEZHNIKOV |
| JOHN F. SAVARESE | IGOR KIRMAN | FACSIMILE: (212) 403-2000 | GRAHAM W. MELI | MICHAEL J. SCHOBEL |
| SCOTT K. CHARLES | JONATHAN M. MOSES | | GREGORY E. PESSIN | ELINA TETELBAUM |
| JODI J. SCHWARTZ | T. EIKO STANGE | GEORGE A. KATZ (1965-1989) | CARRIE M. REILLY | ERICA E. AHO |
| ADAM O. EMMERICH | WILLIAM SAVITT | JAMES H. FOGELSON (1967-1991) | MARK F. VEBLEN | LAUREN M. KOFKE |
| RALPH M. LEVENE | GREGORY E. OSTLING | LEONARD M. ROSEN (1965-2014) | SARAH K. EDDY | ZACHARY S. PODOLSKY |
| RICHARD G. MASON | DAVID B. ANDERS | | VICTOR GOLDFELD | RACHEL B. REISBERG |
| ROBIN PANOVKA | ADAM J. SHAPIRO | OF COUNSEL | RANDALL W. JACKSON | MARK A. STAGLIANO |
| DAVID A. KATZ | NELSON O. FITTS | | BRANDON C. PRICE | CYNTHIA FERNANDEZ |
| ILENE KNABLE GOTTS | JOSHUA M. HOLMES | ANDREW R. BROWNSTEIN   ERIC S. ROBINSON | KEVIN S. SCHWARTZ | LUMERMANN |
| TREVOR S. NORWITZ | DAVID E. SHAPIRO | MICHAEL H. BYOWITZ   ERIC M. ROSOF | MICHAEL S. BENN | CHRISTINA C. MA |
| ANDREW J. NUSSBAUM | DAMIAN G. DIDDEN | KENNETH B. FORREST   MICHAEL J. SEGAL | ALISON ZIESKE PREISS | NOAH B. YAVITZ |
| RACHELLE SILVERBERG | IAN BOCZKO | BEN M. GERMANA   WON S. SHIN | TIJANA J. DVORNIC | BENJAMIN S. ARFA |
| STEVEN A. COHEN | MATTHEW M. GUEST | SELWYN B. GOLDBERG   DAVID M. SILK | JENNA E. LEVINE | NATHANIEL D. CULLERTON |
| DEBORAH L. PAUL | DAVID E. KAHAN | PETER C. HEIN   ROSEMARY SPAZIANI | RYAN A. McLEOD | ERIC M. FEINSTEIN |
| DAVID C. KARP | DAVID K. LAM | JB KELLY   ELLIOTT V. STEIN | ANITHA REDDY | ADAM L. GOODMAN |
| RICHARD K. KIM | BENJAMIN M. ROTH | JOSEPH D. LARSON   LEO E. STRINE, JR.* | JOHN L. ROBINSON | STEVEN R. GREEN |
| JOSHUA R. CAMMAKER | JOSHUA A. FELTMAN | LAWRENCE S. MAKOW   PAUL VIZCARRONDO, JR. | JOHN R. SOBOLEWSKI | MENG LU |
| | | PHILIP MINDLIN   JEFFREY M. WINTNER | | |
| | | THEODORE N. MIRVIS   AMY R. WOLF | | |
| | | DAVID S. NEILL   MARC WOLINSKY | | |
| | | HAROLD S. NOVIKOFF | | |

* ADMITTED IN DELAWARE

COUNSEL

| | |
|---|---|
| DAVID M. ADLERSTEIN | MICHAEL W. HOLT |
| SUMITA AHUJA | MARK A. KOENIG |
| FRANCO CASTELLI | CARMEN X.W. LU |
| ANDREW J.H. CHEUNG | J. AUSTIN LYONS |
| PAMELA EHRENKRANZ | ALICIA C. McCARTHY |
| ALINE R. FLODR | JUSTIN R. ORR |
| KATHRYN GETTLES-ATWA | NEIL M. SNYDER |
| ADAM M. GOGOLAK | JEFFREY A. WATIKER |
| ANGELA K. HERRING | |

Direct Dial: (212) 403-1248
E-Mail: RWJackson@wlrk.com

July 18, 2024

The Honorable William F. Kuntz II
United States District Judge
U.S. District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *U.S.* v. *Motovich, et al.*, 21 Cr. 497 (WFK)

Dear Judge Kuntz:

On behalf of Defendant David Motovich, we respectfully move to strike Transcript page 1735, lines 9 through 21, where the following testimony was elicited on direct:

> Q Now, during the time that you were assisting Mr. Motovich, did he ever ask you to provide a letter stating that he had more money in an account than he did?
> A Yes.

1

> Q Why did he do that?
> A He was applying for a loan.
> Q And he had asked you to misrepresent how much money he had in an account?
> A Yes.
> Q Were you willing to do that?
> A Yes.
> Q Did you do it?
> A I believe so, yes.

(Tr. 1735).[1] For at least three reasons, this testimony should be stricken.

First, even assuming this information could be admitted for some appropriate propose, pursuant to Rule 404(b), the Government was required to provide notice of this alleged activity if it intended to use it—Your Honor set a schedule for 404(b) disclosure and the Government provided no such notice. The Rule provides:

> Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. **(2)** *Permitted Uses*. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. **(3)** *Notice in a Criminal Case.* In a criminal case, **the prosecutor must:** (A) **provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;** B) **articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and** (C) **do so in writing before trial — or in any form during trial if the court, for good cause, excuses lack of pretrial notice.**

*See* Fed. R. Evid. 404(b) (emphasis added).

Nevertheless, even had proper notice been given, this testimony would have been improper. Ms. Sullivan-Hyatt's testimony does not relate to the bank fraud charges in the Indictment, which focused only on four specific banks, as set out in the Indictment. Those banks, which are anonymized as Banks 1-4 in the Indictment, are, on information and belief, Carver, Chase, Investors, and Astoria. Ms. Sullivan-Hyatt's testimony could not identify to what bank this activity was

---

[1] We relatedly move to strike the cross testimony at Tr. 1764, lines 1-19.

supposedly directed, whether it was completed (Tr. 1764), or even whether any funds were obtained from the unspecified bank. (Tr. 1764). The prosecutor elicited no details that would bring this conduct within the scope of the Indictment—he simply asked, without specifying what bank was involved, "were you willing to do it," and "did you do it," to which Ms. Sullivan-Hyatt responded "I believe so, yes." (Tr. 1735). We have seen no fraudulent loan documents.

The Indictment does not and cannot allege a generalized charge against any alleged activity directed at any bank. Instead, the Indictment charges a very specific scheme—the scheme that has been the subject of the bulk of this trial, which is detailed in paragraphs 1 through 19 of the Indictment. The Indictment makes *no mention* of any component of the scheme involving an attempt to obtain a loan from a bank based on falsified information. This is a completely new theory and an entirely separate scheme that apparently does not involve the specified co-conspirators identified in the Indictment, Mr. Markovics and Ms. Kuyan. Dkt. 19 (Indictment) ¶¶ 30-31.

The only information approaching notice provided by the Government was 3500-DSH-8(b) at page 7, which records the following statement made by the witness: "SULLIVAN-HYATT recalled at some point MOTOVICH attempted to obtain a $2.8 million loan for NEOMY DIALYSIS. Carver Bank took too long to approve the loan so MOTOVICH went to Bank of America." This statement, however, was no notice at all, because the defense never expected it to be elicited given that it was clearly outside of the scope of the charged conduct and the Government had provided no notice. Moreover, Ms. Sullivan-Hyatt denied that the vague scheme elicited by the Government on direct related to Carver, so it appears whatever the prosecutor was referencing does not involve this statement from 3500-DSH-8b at all.

All of this, which was completely unnecessary to elicit, presents a real threat of a constructive amendment of the Indictment. *See United States* v. *Khalupsky*, 5 F.4th 279, 293 (2d Cir. 2021) ("Th[e] [Fifth Amendment's Grand Jury] clause is violated, and reversal is required, if the indictment has been constructively amended. A constructive amendment occurs when the charge upon which the defendant is tried differs significantly from the charge upon which the grand jury voted. A defendant claiming constructive amendment must demonstrate that either the proof at trial or the trial court's jury instructions so altered an essential element of the charge that, upon review, it is uncertain whether the defendant was convicted of conduct that was the subject of the grand jury's indictment." (internal quotations

omitted)). This is exactly what the Government has done by injecting a vague scheme that is not in the Indictment into the case, with no appropriate notice.

  This is particularly problematic because the allegation is as false as it is illogical. Whatever allegations may be made against Mr. Motovich, there is no reasonable allegation that he ever lacked sufficient funds in any account to secure a loan from bank. If required, the defense could prove the falsity of the allegation, but the Court should not even permit the trial to be so distracted. We respectfully request that the Court strike all of the testimony referenced above and instruct the jury that it should be disregarded entirely as those unproven allegations have no place in this trial.

  We deeply appreciate the Court's consideration.

Respectfully submitted,

Randall W. Jackson
*Counsel for Defendant David Motovich*