UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UNITED STATES OF AMERICA,

v.

DAVID MOTOVICH,

                Defendant.
-----------------------------------------------------------------X

**MEMORANDUM & ORDER**
21-CR-497 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

    In its July 2, 2024 decision on the parties' motions *in limine*, ECF No. 291, the Court conditionally granted (1) the Government's request to admit "prior statements of members of the conspiracy as statements in furtherance of the conspiracy" pursuant to Federal Rule of Evidence 801(d)(2)(E), ECF No. 291 at 23-24 (citing Gov't Mot. *in Limine* at 32, ECF No. 244), as well as (2) the Government's motion to admit "'statements made over the course of the charged criminal conspiracy by employees and agents of [Defendant],' specifying, in particular, 'statements made by employees of Midwood Lumber, including statements by Marina Kuyan, Gail Kastner and Rosa Schwartz,'" ECF No. 291 (citing Gov't Mot. *in Limine* at 30). With the close of the Government's case-in-chief, the Court now grants both requests in full.

    For the co-conspirator statements to be admissible, the Government is required to prove, by a preponderance of the evidence, that "there was a conspiracy involving the declarant and the non-offering party, and that the statement was made during the course and in furtherance of the conspiracy." *Bourjaily v. United States*, 483 U.S. 171, 175 (1987) (quoting Fed. R. Evid. 801(d)(2)(E)) (internal quotation marks omitted). Pursuant to *United States v. Geaney*, 417 F.2d 1116, 1120 (2d Cir. 1969), a court may conditionally admit[] co-conspirator statements during the government's presentation of its case." *United States v. Ferguson*, 676 F.3d 260, 273 n.8 (2d Cir.

2011). Then, after the government rests, the Court can make "necessary *Geaney* findings and admit the statements." *Id.*

The Court is satisfied that the Government has met its burden and demonstrated, by a preponderance of the evidence, that there was a conspiracy and that the co-conspirator statements offered were made during the course of, and in furtherance of, the conspiracy. As such, this motion is granted and these statements are admitted.

For the statements of Defendant's agents to be admissible, the Government is required to prove, by a preponderance of the evidence, that the statements in question were made by a party's agent or employee on a matter within the scope of that relationship, against an opposing party pursuant to Federal Rule of Evidence 801(d)(2)(D). For a statement to fall within the hearsay carveout of Rule 801(d)(2)(D), a party must establish "(1) the existence of the agency relationship, (2) that the statement was made during the course of the relationship, and (3) that it relates to a matter within the scope of the agency." *Leser v. U.S. Bank Nat'l Ass'n*, 09-CV-2362, 2012 WL 6738402, at *4 (E.D.N.Y. Dec. 29, 2012) (Matsumoto, J.) (quoting *Pappas v. Middle Earth Condo. Ass'n*, 963 F.2d 534, 537 (2d Cir.1992)). The Second Circuit has explained an agency relationship exists where a declarant is answerable to a defendant. *See United States v. Rioux*, 97 F.3d 648, 660 (2d Cir. 1996); *United States v. Goldstein*, 21-CR-550, 2023 WL 3662971, at *7 (E.D.N.Y. May 25, 2023) (Chin, J.) ("a direct reporting relationship is sufficient, but not necessary").

Based on the evidence presented during the Government's case-in-chief, the Court finds Government has met its burden of establishing the statements were made in the individuals' capacity as the Defendant's employees and relate to a matter within the scope of their employment. As such, this motion is also granted and the statements are admitted.

**SO ORDERED.**

                              **s/ WFK**
                        HON. WILLIAM F. KUNTZ, II
                        UNITED STATES DISTRICT JUDGE

Dated: July 23, 2024
       Brooklyn, New York